IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ZAVIAN ROSS,<br>    Defendant. | Case No. 1:23-cr-10012-JEH-1 |

**Order**

Now before the Court is the Defendant, Zavian Ross's, Amended Motion to Reduce Sentence (D. 48) [1], which Ross's court-appointed counsel filed after this Court received a letter from him asking for "immediate release." (D. 42). The Clerk's Office docketed this letter as a motion to reduce sentence in Ross's criminal case, and the previous presiding judge appointed counsel, who filed the motion presently before the Court. For the reasons stated herein, the Amended Motion is denied and, in light of the filing of the counseled motion, Ross's *pro se* motion is moot.

**I**

On February 23, 2023, Ross was indicted on three counts of possession of machineguns in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). The indictment alleged that Ross knowingly possessed 3D printed auto-sears, also known as Glock switches, designed to convert semiautomatic weapons into machineguns. Ross initially pled not guilty but later changed his plea to guilty on June 9, 2023, to all three counts without a plea agreement.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Following his guilty plea, the U.S. Probation Officer filed an Initial Presentence Investigation Report, which was later revised on October 4, 2023. The report calculated a total offense level of 15, with a guideline range of 18 to 24 months' imprisonment, considering Ross's Criminal History Category of I.  The government, however, filed a Sentencing Commentary on October 5, 2023, arguing for an above-guideline sentence due to the seriousness of the offense and the need for deterrence, recommending a total offense level of 23 and a sentence of 46 to 57 months.

Ross filed a Sentencing Memorandum on October 9, 2023, arguing for a sentence below the guideline range, citing his personal history and the potential for an unwarranted sentencing disparity.  On October 12, 2023, the Court sentenced Ross to an above-the-range sentence of 27 months imprisonment for each count, to be served concurrently, citing the seriousness of the offense and an elevated risk of recidivism due to Ross's continued criminal conduct while on pretrial supervision. Ross did not appeal.

On May 5, 2024, the Court received a letter from Ross.  The letter asks if the Court could give him "immediate release," but cites no legal authority in support of the request.  (D. 42). It is, in essence, simply a letter to be let out of prison early. Rather than docketing this letter as what it is, a letter, the Clerk's office filed it as a motion.  The then presiding judge appointed counsel to assist Ross with this "motion."

On March 21, 2025, Ross filed an "Amended Motion to Reduce Sentence pursuant to 28 U.S.C. § 2255," arguing that his sentence was excessively harsh and

exceeded the guideline range without adequate justification.[2] The government opposed the motion, asserting that Ross had procedurally defaulted by failing to raise his claims on direct appeal and that his claims were not cognizable under § 2255. The government further argued that the sentence was justified given the seriousness of Ross's conduct, including the number of firearms involved and his criminal activities while on pretrial release.

## II

### A

Once judgment enters in a criminal case, a court may not alter the sentence of imprisonment except in a narrow set of circumstances as set forth in the Federal Rules of Criminal Procedure and by statute. As far as rules go, Rule 35 allows a court to correct "an arithmetical, technical, or other clear error" within fourteen days of the judgment being entered. FED. R. CRIM. P. 35(a). Sub-section (b) of that same Rule allows a court to alter a sentence based upon a government motion related to substantial assistance. *Id.* at (b)(3). Rule 36 allows a court to correct a clerical error and an error in the record arising from oversight or omission at anytime after judgment is entered. FED. R. CRIM. P. 36.

Title 18 U.S.C. § 3582 is the statute governing alteration by a district court of a previously imposed sentence. This statute prohibits modification of a previously imposed term of imprisonment except for "extraordinary and compelling reasons" (commonly called "compassionate release") as narrowly defined by the Sentencing Commission and where a defendant's sentencing range was subsequently lowered by a retroactive change to the Sentencing Guidelines. 18 U.S.C. § 3582(c). Of course, a court of appeals may alter a sentence, or allow a

---

[2] Ross's counsel calls his filing an "Amended Motion to Reduce Sentence Pursuant to 28 U.S.C. Section 2255," but a filing seeking relief under § 2255 is properly styled a "petition," rather than a "motion." For consistency, the Court will refer to the filing herein as a "motion" as well.

district court to do so, after deciding an appeal from a criminal conviction or sentence.[3]  *See* 18 U.S.C. § 3742.

Finally, by statute, a Court may also modify a term of imprisonment on collateral review pursuant to 28 U.S.C. § 2255 if the sentence is found to be unconstitutional, illegal, or otherwise subject to collateral attack. 28 U.S.C. § 2255.

**B**

Although Ross cited no authority in his *pro se* letter to the Court, his counsel apparently concluded that the only possible source of authority to alter Ross's sentence is § 2255, for Ross did not assert a clerical or technical error, substantial assistance to the government, grounds for compassionate release, or a lowered guideline range due to a retroactive change to the Sentencing Guidelines.  Thus, by process of elimination, § 2255 is the only remaining vehicle by which the Court could alter Ross's sentence.

Ross asserts that the Court procedurally erred by imposing an above-guideline sentence without adequate justification and substantively erred by imposing an excessively harsh sentence when compared to similarly situated defendants. However, as the government argues, these claims could and should have been made by Ross on direct appeal and, having failed to do so, they are now procedurally defaulted for purposes of § 2255.

**C**

Procedural default precludes a defendant from raising claims in a collateral attack that could have been raised on direct appeal but were not. As established in *Bousley v. United States*, 523 U.S. 614, 622 (1998), a claim is procedurally defaulted if the defendant failed to raise it on direct review, unless the defendant can

---

[3] Ross's *pro se* letter made no reference to § 2555, and this Court could not construe his letter as a § 2255 petition without first providing him notice and an opportunity to withdraw his request. *See Carter v. United States*, 312 F.3d 832 (7th Cir. 2002).  However, because his Amended Motion under § 2255 was filed with the benefit of counsel, *Carter* is inapplicable here.

4

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that he is actually innocent.

Claims of procedural or substantive unreasonableness of a sentence are the types of claims that can and must be raised on direct appeal to avoid procedural default for purposes of § 2255. *See, e.g., United States v. Cook*, 108 F.4th 574 (7th Cir. 2024) (considering claims of procedural and substantive unreasonableness of a sentence on direct appeal); *United States v. Hendrix*, 74 F.4th 859 (7th Cir. 2023) (same); *United States v. Patel*, 921 F.3d 663 (7th Cir. 2019) (same). Ross not only failed to raise his claims on direct appeal, but also failed to appeal at all. Thus, the claims he now makes in his § 2255 motion are procedurally defaulted, unless he can show cause and prejudice for his failure to raise his issues on direct appeal. *Bousley*, 523 U.S. at 622. He cannot.

First, nowhere in Ross's motion does he assert a factual basis for a finding of cause and prejudice for failure to raise his issues on direct appeal. Nor does he make any argument that his failure to raise his issues on direct appeal should be excused for cause and prejudice. (D. 48). Second, he presumably fails to make such an argument because the record is devoid of any factual support for such an argument. Ross entered into an open plea of guilty without the benefit of a plea agreement, meaning he did not waive his right to appeal. Had he wanted to appeal, his counsel had an obligation to file a notice of appeal for him. See *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Nowhere does Ross claim that he asked his counsel to file a notice of appeal. Accordingly, because Ross did not raise the issues he now asserts in his § 2255 petition, he has procedurally defaulted on those claims and has failed to demonstrate cause for his failure to raise the issues on direct appeal. His Amended Motion must therefore be denied.

## III

For the reasons stated, *supra*, the Amended Motion is denied. The Court also denies a certificate of appealability under 28 U.S.C. § 2253(c)(2), as Ross has not made a substantial showing of a denial of a constitutional right. Finally, any future requests to the Court seeking an alteration of Ross's sentence shall be considered a "second or successive" § 2255 petition, unless such request is explicitly made under 18 U.S.C. § 3582(c). *See* 28 U.S.C. §§ 2244 & 2255(h).

*It is so ordered.*

Entered on April 7, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE